Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1901 S. Bascom Avenue, Suite 350
Campbell, CA  95008
Telephone:  (408) 429-6506
Fax:  (408) 369-0752
pgore@prattattorneys.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH SAMET and JAY PETERS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>PROCTER & GAMBLE COMPANY, KELLOGG COMPANY and KELLOGG SALES COMPANY,<br><br>Defendants. | No. CV 12-01891-PSG<br><br>**CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT**<br><br>Judge:  Hon. Paul Grewal<br><br>Amended Complaint Filed: August 24, 2012 |

Plaintiffs SARAH SAMET and JAY PETERS ("Plaintiffs") and Defendants PROCTER & GAMBLE COMPANY, KELLOGG COMPANY and KELLOGG SALES COMPANY ("Defendants") jointly submit this Case Management Statement and Rule 26(f) Report.

### I.    JURISDICTION

Plaintiffs assert that this Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332(d) because this is a class action in which:  (1) there are over 100 members in the proposed class; (2) members of the proposed class have a different citizenship from Defendants; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

Plaintiffs assert that the Court has jurisdiction over Plaintiffs' federal claim under 28 U.S.C. § 1331, because it arises under the laws of the United States.

Plaintiffs assert that the Court has jurisdiction over Plaintiffs' California claims under 28 U.S.C. § 1367, because they form part of the same case or controversy under Article III of the United States Constitution.

Plaintiffs assert that alternatively, the Court has jurisdiction over all of Plaintiffs' claims under 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different states.

Except with respect to the doctrine of primary jurisdiction, discussed below, Defendants do not challenge the Court's jurisdiction.

Defendants have responded to Plaintiffs' Amended Complaint by filing motions to dismiss.

## II.     FACTS

### A.     Plaintiffs' Case

Plaintiffs allege that Defendants manufacture, distribute and sell misbranded packaged food products ("Misbranded Food Products"). If a manufacturer makes a claim on a packaged food label, the label must meet certain legal requirements that help consumers make informed choices and ensure that they are not misled. As described in the Amended Complaint, Defendants have made, and continue to make, false and deceptive claims in violation of federal and California laws that govern the types of representations that can be made on food labels. These laws recognize that reasonable consumers are likely to choose products claiming to have a health or nutritional benefit over otherwise similar food products that do not claim such benefits.

Identical federal and California laws regulate the content of labels on packaged food. The requirements of the federal Food Drug & Cosmetic Act ("FDCA") were adopted by the California legislature in the Sherman Food Drug & Cosmetic Law (the "Sherman Law"). California Health & Safety Code § 109875, *et seq.* Under FDCA section 403(a), food is "misbranded" if "its labeling is false or misleading in any particular," or if it does not contain certain information on its label or its labeling. 21 U.S.C. § 343(a). Misbranding reaches not

only false claims, but also those claims that might be technically true, but still misleading. If any one representation in the labeling is misleading, the entire food is misbranded, nor can any other statement in the labeling cure a misleading statement.

As the Amended Complaint describes, Defendants have made and continue to make, false and deceptive claims on their Misbranded Food Products in violation of federal and California laws. In particular, in making their unlawful "O grams Trans Fat" claims on their Misbranded Food Products, Defendants have violated nutrient content labeling regulations mandated by federal and California law.

Also, in making their unlawful evaporated cane juice claims on their Misbranded Food Products, Defendants have violated labeling regulations mandated by federal and California laws, which prohibit manufacturers from referring to foods by anything other than their common and usual names. Defendants have also violated labeling regulations mandated by federal and California laws by making unlawful "healthful" and "healthy" claims as well as violating California law by unlawfully using misleading containers that are slack filled.

Defendants' violations of law include the illegal manufacture, advertising, marketing, distribution, delivery and sale of Defendant's Misbranded Food Products to consumers throughout California (the "Class").

B.   **Defendants' Position**

There are three products at issue in this case: Pringles potato crisps, Fruity Snacks and MorningStar Farm Hickory BBQ Riblets. Kellogg is a defendant with respect to all three products. Procter & Gamble (P&G) is a defendant with respect to Pringles potato crisps alone.

P&G made and sold Pringles potato crisps until June 2012 when it sold the product line to Kellogg. Because trans fats are not used in Pringles, Pringles cans bore the statement "0g trans fat." Plaintiffs allege that this statement rendered the cans "misbranded." Plaintiffs do not allege that Pringles contained any trans fat. Rather, under their reading of an FDA regulation, plaintiffs believe that the words "0g trans fat" should have been accompanied by the phrase "see nutrition information for fat content." In an amended complaint, plaintiffs added allegations (1) that

- 3 –
*Case Management Conference Statement and Rule 26(f) Report*

defendants used the words "wholesome" and/or "healthy" at some point in time to describe Pringles or its ingredients, and (2) that Pringles cans are not sufficiently full.

Plaintiffs' amended complaint also added similar claims regarding Kellogg's Fruity Snacks and BBQ Riblets, again asserting that the labels were allegedly misleading in various respects and did not comply with certain FDA regulations. Kellogg has complied with the applicable federal regulations and its packaging is not deceptive in any event. For example, Plaintiffs claim that a depiction of berry fruits on the packaging of Fruity Snacks is misleading because it in includes non-berry fruits instead. But FDA regulations expressly allow food manufacturers to feature images of fruits not included in the product as long as they indicate the flavor of the snacks. The packaging makes clear that the fruit images indicate flavoring of the Fruity Snacks.

As a general matter, Plaintiffs' complaint muddles two types of claims: false advertising claims, which are potentially actionable under a variety of California statutes, and claims of regulatory "misbranding" violations. Plaintiffs have not properly pleaded, and cannot prove, the elements of either type of claim. There can be no claim for false advertising because the labels and all identified advertising claims were true and were not misleading to any reasonable consumer. Furthermore, plaintiffs do not plead the requisite reliance upon the alleged misrepresentations, nor did they suffer any cognizable injuries.

Regulatory "misbranding" claims cannot be brought by private parties. 21 U.S.C. § 337. Nor have defendants violated any identified labeling regulation. To the extent such an issue cannot be resolved by clearly settled FDA policy, the Court should refrain from creating new law in deference to the FDA's primary jurisdiction over the subject matter. Lastly, to the extent that plaintiffs assert that a defendant should have labeled its products in a manner not required by FDA regulations – a position that at present plaintiffs expressly disclaim – such a claim would be preempted by 21 U.S.C. § 343-1.

### III. LEGAL ISSUES

The following legal issues are genuinely in dispute:

Whether Plaintiffs have stated claims for, and whether Defendants are liable to Plaintiffs and the Class for: (a) violations of California Business & Professions Code § 17200, *et seq.*; (b) violations of California Business & Professions Code § 17500, *et seq.*; (c) violations of California Civil Code § 1750, *et seq.*; (d) restitution based on unjust enrichment; (e) violations of California Civil Code § 1790, *et seq.*; and (f) violations of 15 U.S.C. § 2301, *et seq.*

The parties agree that other legal issues may arise and failure to list any legal issue in dispute is not an admission or concession by any party that such legal issue does not currently exist or may not exist. The parties also reserve the right to identify additional legal issues as discovery progresses.

### IV. MOTIONS

Defendants have filed motions to dismiss Plaintiffs' Amended Complaint.

### V. AMENDMENT OF PLEADINGS

Plaintiffs reserve the right to amend the pleadings as permitted under the Federal Rules of Civil Procedure.

Defendants note that Plaintiffs have already amended their complaint once, and they reserve the right to oppose any further amendments.

### VI. EVIDENCE PRESERVATION

The parties have met and conferred regarding appropriate evidence preservation. Plaintiffs and Defendants acknowledge their responsibilities to preserve potentially relevant evidence, including electronically stored information, and agree as follows:

**A. Plaintiffs**

Plaintiffs will preserve all of their documents evidencing their claims against Defendants.

**B. Defendants**

Counsel for Defendants and Plaintiffs have conferred regarding evidence preservation. Defendants will preserve documents in a manner consistent with the agreements reached during those discussions.

## VII. INITIAL DISCLOSURES

The parties have agreed that they will exchange initial disclosures after the Court has issued its ruling on the pending motions to dismiss.

## VIII. DISCOVERY

### A. Scheduling

PLAINTIFFS: Plaintiffs intend to seek full discovery as soon as practicable after the case management conference, directed to, among other things, Defendants' marketing strategies for the misbranded food products sold to Plaintiffs and the Class and the amount of sales and/or profit derived therefrom.

Plaintiffs believe that they may need to exceed the deposition and interrogatory limitations provided under the Federal Rules, and will meet and confer as necessary to address these issues as they arise before bringing such issues before the Court. Plaintiffs do not believe bifurcation of discovery into "class" and "merits" phases is necessary, practical, or appropriate here. Because there will be significant overlap among the issues relevant to class certification and class liability, Plaintiffs believe that any attempt to bifurcate discovery will result in greater inefficiency and may generate endless disputes about line-drawing.

In addition, as courts have recognized, there is no requirement that "class" discovery be bifurcated from merits or individual discovery. *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990) ("[a]n order restricting discovery to class issues would be impracticable because of the closely linked issues, and inefficient because it would be certain to require ongoing supervision of discovery"); *Harriss v. Pan Am. World Airways, Inc.*, 74 F.R.D. 24, 36 (N.D. Cal. 1977) (facts relevant to the class action determination and definition may largely overlap with

- 6 –

*Case Management Conference Statement and Rule 26(f) Report*

those relevant to the merits); *Barnhart v. Safeway Stores, Inc.*, No. S92-0803 WBS, 1992 WL 443561, *9 (E.D. Cal. Dec. 14, 1992) (declining to limit discovery to "class" related matters noting that the court should have all information that it might find relevant).

Indeed, as the Manual for Complex Litigation -- Fourth makes clear, "Courts have recognized that information about the nature of the claims on the merits and the proof that they require is important to deciding certification. Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes." See Federal Judicial Center, Manual for Complex Litigation – Fourth, § 21.14 (2004).

To the extent Defendants believe that Plaintiffs' discovery is burdensome or otherwise objectionable, the proper way to address that is through the meet and confer process.

DEFENDANTS: Defendants believe that discovery should be stayed until the pending motion to dismiss has been decided by the Court. As set forth in the motion to dismiss, Defendants believe that the entire complaint should be dismissed; at the very least, Defendants are confident that some of the claims will be dismissed. By staying discovery until the motion to dismiss has been determined, it will likely conserve the parties' resources and avoid unnecessary discovery relating to products or claims that will likely no longer be the subject of this lawsuit.

Furthermore, Defendants believe that discovery should be bifurcated into class-certification discovery and merits-based discovery. Class certification will likely be vigorously contested and will be a focal point of this litigation. Therefore, it would conserve the parties' resources if the focus of discovery is limited at this point to class certification issues. As courts have recognized, discovery obligations in a putative class action are unfairly asymmetrical, as the defendant bears almost all of the costs of discovery. Without bifurcation, Defendants would potentially have to incur hundreds of thousands of dollars in costs to collect, review, and produce documents that have no relevance to class certification issues. Much of these costs can be avoided if class certification is denied. Defendants recognize that there may be some overlap

between class certification discovery and merits-based discovery; accordingly, Defendants do not object to discovery that is relevant for both issues.

### B. Subjects

Plaintiffs intend to seek discovery directed to, among other things, Defendants' packaged food labeling, sales, marketing, distribution, profits, policies, practices, procedures, communications, regulatory actions and any expert opinions provided by Defendant's experts.

Defendants intend to seek discovery related to, among things, whether Plaintiff is an adequate and typical representative. Defendants also contemplate possible third-party discovery related to class composition, market factors and the FDA regulatory regime.

### C. Electronic Discovery

Plaintiffs intend to seek discovery of electronically stored information in its native format. More specifically, for example, Plaintiffs intend to seek discovery of Defendants' electronically stored documents, files and records that relate to Defendants' packaged food labeling, sales, marketing, distribution, profits, policies, practices, procedures, communications, regulatory actions and any expert opinions provided by Defendants' experts.

The parties plan to discuss whether and to what extent any additional steps may be necessary to ensure the preservation of relevant evidence. The parties will meet and confer regarding the scope and nature of electronic discovery in this case as required by and consistent with applicable law and the local rules. If the parties are unable to reach an understanding on evidence preservation or electronic discovery, the disputed matter will be submitted to the Court for a formal order.

The parties agree in principle that discovery will be conducted in the least burdensome manner that will not prejudice the claims or defenses of any party, expressly including in the collection of electronic documents related to the Pringles brand.

### D. Privilege Assertions after Production

The parties agree that they will need a procedure for asserting claims of privilege after production and have included such an agreement in a proposed protective order discussed below.

### E. Confidentiality

The parties have met and conferred and will prepare an agreed protective order concerning confidential or trade secret documents.

## IX. RELATED CASES

The parties are unaware of any cases pending in this Court, or other courts or administrative bodies, that allege the same or similar claims against Defendants that Plaintiffs allege here.

## X. CLASS ACTION

Pursuant to Civil L.R. 16-9(b), any party seeking to maintain a case as a class action must include in the case management statement the following additional information. Plaintiffs assert as follows:

**1. The Specific Paragraphs of Fed. R. Civ. P. 23 under which the Action is Maintainable as a Class Action:**

This action is maintainable as a class action under Rule 23, paragraphs (a), (b)(2) and (b)(3).

**2. A Description of the Class or Classes in Whose Behalf the Action is Brought:**

Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of a California class of consumers who, within the last four years, purchased Defendants' (1) potato chips labeled "0 grams Trans Fat" but which contain more than 13 grams of fat and/or disqualifying levels of fat, saturated fat, cholesterol or sodium; (2) food products unlawfully labeled as "healthy" or "wholesome" but which fail to meet the minimum nutritional threshold to make such claims (3) food products unlawfully labeled with evaporated cane juice claims and (4) products sold in oversized slack filled container (referred to herein as "Misbranded Food Products").

**3. Facts Showing that Plaintiffs Are Entitled to Maintain the Action under Fed. R. Civ. P. 23(a) and (b):**

The members of the Class are so numerous that joinder of all members is impractical, if

not impossible. Plaintiffs are informed and believe that the total number of Class Members is likely to be at least thousands of individuals. Plaintiffs' claims are typical of those of the Class because Plaintiffs, like each member of the Class, purchased Defendants' misbranded food products that contain either the same misleading language or which all lack the required language on their packaging and/or were slack filled.

Plaintiffs are adequate representatives of the Class because Plaintiffs' claims are typical of those of the Class, and Plaintiffs have the same interests in the litigation of this case as the other Class Members.

Plaintiffs are committed to vigorous prosecution of this case, and have retained competent counsel, experienced in litigating large, complex class actions. Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to the Class as a whole. Plaintiffs anticipate no management difficulties in this litigation.

A class may be certified and maintained under Federal Rule of Civil Procedure 23(b)(2) because Defendants have acted on grounds generally applicable to the entire Class by selling misbranded food products using the same labels and advertising to Plaintiffs and the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole.

In addition, a class may be also be certified under Federal Rule of Civil Procedure 23(b)(3). Each member of the Class has been damaged and is entitled to recovery as a result of Defendants' common, uniform, and unfair practices of selling misbranded products to Plaintiffs and the Class. There are questions of law and fact common to the Class that predominate over any questions affecting only individual members of the Class, including without limitation, all of the following:

  a. Whether Defendants engaged in unlawful, unfair or deceptive business practices by failing to properly package and label their Misbranded Food Products;

  b. Whether Defendants' Misbranded Food Products were misbranded or unlawfully packaged and labeled as a matter of law;

  c. Whether Defendants used unlawful and misleading labeling on their Misbranded Food Products;

    d.    Whether Defendants violated California Bus. & Prof. Code § 17200, et seq., California Bus. & Prof. Code § 17500 et seq., the Consumers Legal Remedies Act, Cal. Civ. Code §1750, et seq., and the Sherman Law;

    e.    Whether Plaintiffs and the Class are entitled to equitable and/or injunctive relief;

    f.    Whether Defendants' unlawful, unfair and/or deceptive practices harmed Plaintiffs and the Class; and

    g.    Whether Defendants were unjustly enriched by their deceptive practices.

**4.    A Proposed Date for the Court to Consider whether the Case can be Maintained as a Class Action:**

See Section XVI.

Defendants oppose class certification in this matter.

## XI.    RELIEF

Plaintiffs seek: (a) an order certifying this case as a class action and appointing Plaintiffs and their counsel to represent the Class; (b) an order awarding, as appropriate, damages, restitution or disgorgement to Plaintiffs and the Class for all causes of action; (c) an order requiring Defendants to immediately cease and desist from selling their Misbranded Food Products listed in violation of law; enjoining Defendants from continuing to market, advertise, distribute, and sell these products in the unlawful manner described herein; and ordering Defendants to engage in corrective action; (d) all equitable remedies available pursuant to Cal. Civ. Code § 1780; (e) an order awarding attorneys' fees and costs; (f) an order awarding punitive damages; (g) an order awarding pre-and post-judgment interest; and (h) an order providing such further relief as this Court deems proper.

    Defendants believe that the claims are non-actionable and that this class is not appropriate for class treatment.

## XII.    SETTLEMENT AND ADR

The parties believe that it is premature to discuss settlement, but will consider mediation or other ADR after a ruling on the pending motion to dismiss has been issued but before the class certification motion is due.

### XIII.	CONSENT TO MAGISTRATE JUDGE

The parties have agreed that this action shall proceed before Magistrate Judge Grewal.

### XIV.	OTHER REFERENCES

None.

### XV.	NARROWING OF ISSUES

The parties are not aware of any issues that can be narrowed by agreement but counsel have a good working relationship and will work in good faith to present the Court only with material issues in dispute.

### XVI.	EXPEDITED PROCEDURES

The parties are not aware at this time of any need for expedited procedures.

### XVII.	SCHEDULING

The parties believe that it is still premature to set a formal and full-fledged schedule until the Court has decided the motion to dismiss.  But the parties are in agreement about the following key dates and scheduling matters:

- **Motion to Dismiss Hearing**: The parties believe that the hearing for the pending motion to dismiss should be held on April 16 or April 30.
- **Class certification-based discovery and motion**:  Class-based discovery should commence after a ruling on the motion to dismiss has been issued, and Plaintiff should have 120 days to file their motion for class certification.
- **Opposition to class certification**:  Defendants should have 60 days to oppose class certification.

- **Reply in support of class certification**:  Plaintiffs should have 30 days to submit a reply in support of class certification.

## XVIII. TRIAL

The parties respectfully submit that it is premature to consider decisions regarding the date and length of trial.

Dated:  March 12, 2013                    Respectfully submitted,


 /s/ Pierce Gore
Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA  95126
Telephone:  (408) 429-6506
Fax:  (408) 369-0752
pgore@prattattorneys.com

*Attorneys for Plaintiffs*

By: /s/ Brian Selden
　　　Brian Selden

Brian Selden (State Bar No. 261828)
bgselden@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California 94303
Telephone:　650-739-3939
Facsimile:　650-739-3900

Robert A. Mittelstaedt (State Bar No. 60359)
ramittelstaedt@jonesday.com
Craig E. Stewart (State Bar No.129530)
cestewart@jonesday.com
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:　415-626-3939
Facsimile:　415-875-5700

Jonathan Berman (State Bar No. 167006)
jberman@jonesday.com
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone:　202-879-3939
Facsimile:　202-626-1700

Counsel for Defendant
THE PROCTER & GAMBLE CO.

- 14 –

*Case Management Conference Statement and Rule 26(f) Report*

1
2     By: /s/ Kenneth K. Lee
3         Kenneth K. Lee
4     Kenneth K. Lee (State Bar. No. 264296)
      KLee@jenner.com
5     633 West 5th Street
      Suite 3600
6     Los Angeles, CA 90071
      Tel (213) 239-5152
7     Fax (213) 239-5162

8
      Dean N. Panos (admitted *pro hac vice*)
9     dpanos@jenner.com
      353 N. Clark Street
10    Chicago, IL 60654-3456
      Phone:          (312) 222-9350
11                    Facsimile: (312) 527-0484

12    Counsel for Defendants
      KELLOGG COMPANY and KELLOGG SALES
13    COMPANY

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 15 –

*Case Management Conference Statement and Rule 26(f) Report*