UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SARAH SAMET and JAY PETERS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>PROCTER & GAMBLE COMPANY, KELLOGG COMPANY and KELLOGG SALES COMPANY,<br><br>Defendants. | Case No. 5:12-cv-1891-PSG<br><br>**ORDER DENYING MOTIONS FOR LEAVE TO FILE MOTIONS FOR RECONSIDERATION**<br><br>**(Re: Docket Nos. 110, 112)** |

Defendants the Proctor & Gamble Company and Kellogg Company request leave to file motions for reconsideration of the court's order of December 10, 2013 granting-in-part-and-denying-in-part their motions to dismiss.[1] P&G brings its motion in light of a recent decision in this district in which the court came to a different legal conclusion on facts similar to those presented in P&G's motion to dismiss.[2] Kellogg's motion is based on the FDA's continued investigation into the proper use of the term "evaporated cane juice."[3] Granting leave to file a

---

[1] *See* Docket No. 80

[2] *See* Docket No. 110.

[3] *See* Docket No. 112.

1

Case No. 5:12-cv-1891-PSG
ORDER DENYING MOTIONS FOR LEAVE TO FILE MOTIONS FOR RECONSIDERATION

motion for reconsideration is "extraordinary remedy, to be used sparingly,"[4] and a non-controlling holding on different facts four months after this court's decision issued does not justify the imposition of such a remedy, nor does a notice that an administrative agency continues to evaluate a problem. Both motions are therefore DENIED.

## I. BACKGROUND

This court's December 10 order denied P&G's motion to dismiss Plaintiffs Sarah Samet and Jay Peters' "unlawful conduct" claim under California's Unfair Competition Law.[5] The claim was based on P&G's use of a "0g Trans Fat" label on products that contained more than 13g of fat per 50 g serving without an accompanying direction to "see nutrition information for fat content."[6] Plaintiffs alleged that because this direction is required by FDA regulations and incorporated into California law under the Sherman Law, the products were unlawfully labeled, and they would not have purchased the items had the items borne the required disclosure.[7] They also alleged that the claims were misleading and deceptive.[8] P&G countered that Plaintiffs did not have standing to bring these claims, and that even if they did, the claims were true and therefore not misleading. This court declined to dismiss the claims at issue because it found that Plaintiffs had alleged reliance and injury with sufficient particularity to demonstrate standing. The court further declined to find that a product lacking a label required by the FDA was not misleading as a matter of law.[9]

---

[4] *Whitsitt v. Walker*, Case No. 3:09-cv-02387-JL, 2009 WL 5125858, at *1 (N.D. Cal. Dec. 21, 2009).

[5] *See* Docket No. 105 at 10-12.

[6] *See id.*

[7] *See id.*

[8] *See id.*

[9] *See id.*

Almost four months later, Judge Davila was faced with a similar situation. The plaintiffs in *Thomas v. Costco Wholesale Corporation* also brought a claim under the UCL for Costco's use of a "0g Trans Fat" label that was not accompanied by the required admonishment to consult the nutritional label for further information.[10] Judge Davila reached two distinct conclusions with respect to this claim. First, the court held that the plaintiffs' allegations about being duped into purchasing the product by defective labels were insufficient to create standing; because the foods in question did not contain any actual trans fat, such that the statement was in some way false, the plaintiff had not suffered an injury-in-fact.[11] Second, it held that although the plaintiffs alleged that the disclosure was required by FDA regulations, the nutrition labels attached to the complaint belied this allegation. The court ultimately concluded that the use of a "0g Trans Fat" label without an accompanying directive to consider other nutrition facts is not an actionable claim.[12]

## II.   LEGAL STANDARDS

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."[13] Civ. L.R. 7-9(b) requires that to obtain leave to file a motion for reconsideration, the moving party must specifically show:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order;

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

---

[10] *See* Case No. 5:12-cv-02908-EJD, 2014 WL 1323192, at *5-6 (N.D. Cal. Mar. 31, 2014).

[11] *See id.*

[12] *See id* (citing *Delacruz v. Cytosport*, Case No. 3:11-cv-3532-CW, 2012 WL 356857 (N.D. Cal. June 28, 2012)).

[13] *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations and citations omitted).

3
Case No. 5:12-cv-1891-PSG
ORDER DENYING MOTIONS FOR LEAVE TO FILE MOTIONS FOR RECONSIDERATION

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

"Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."[14] "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."[15] Here, Defendants appear to seek leave to move for reconsideration based on their belief that the court committed clear error through a manifest failure to consider material facts or dispositive legal arguments.

### III.     DISCUSSION

The court does not begrudge any party for exercising its right to seek reconsideration on an order it believes to be erroneous, but as discussed above, Civ. L.R. 7-9 sets a high standard for parties seeking leave to file a motion for reconsideration. In this motion, P&G seeks relief due to the "emergence of new material facts or a change of law occurring after the time of such order."[16] However, the Ninth Circuit's holding in *Kona Enterprises* clarified that there must be a change in the "*controlling* law" in order to justify a motion for reconsideration.[17] The mere addition of a new voice in the chorus of trial judges does not create such a binding precedent.[18] Indeed, with so much food litigation pending in this district before such a wide array of judges, if a new opinion

---

[14] *Id.*

[15] *Id.*

[16] *See* Docket No. 110 at 2.

[17] *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations and citations omitted) (emphasis added).

[18] *See Hart v. Massanari,* 266 F.3d 1155, 1175 (9th Cir. 2001).

did create grounds for a motion for reconsideration, the court and the parties could become so enmeshed in reconsidering things that these cases would never actually get off the ground.

It is worth further noting that even if the court were to reach the merits of the matter, *Costco* does not persuade the court that its previous ruling was incorrect. Unlike in *Costco*, Plaintiffs here did successfully and sufficiently allege that the foods at issue contained a sufficient amount of fat to trigger the regulation requiring additional labeling. Furthermore, the court has already explained its conclusion that because the UCL prohibits not only false statements but also true statements that could mislead a reasonable consumer,[19] allegations to that effect in Plaintiffs' complaint support an actionable claim. Finally, it is worth noting that despite relying on this court's prior order in *Samet*, the docket suggests that the parties in *Costco* failed to provide Judge Davila with a "Statement of Recent Decision" after this court issued its December 10 order, so it appears that *Costco* was decided with an incomplete picture of this court's holdings in mind.

Because P&G has not cleared the high bar for leave to file a motion for reconsideration, and because any such motion would likely be futile if it were permitted, P&G's motion for leave to file a motion for reconsideration in light of Judge Davila's opinion in *Costco* is denied.

In its motion, Kellogg urges reconsideration in light of the FDA's recent notice that it is considering further comments on its guidance regarding ECJ, arguing that this constitutes a "a material difference in fact or law."[20] However, the court's prior order held that Plaintiffs' allegations were "sufficient to proceed *no matter what final guidance may be issued by the agency*."[21] A notice that the agency still has yet to develop final guidance therefore does not constitute a material difference in fact or law.

---

[19] *See* Docket No. 105 at 12-13.

[20] *See* Docket No. 112.

[21] *See* Docket No. 89 at 17 (emphasis added).

5
Case No. 5:12-cv-1891-PSG
ORDER DENYING MOTIONS FOR LEAVE TO FILE MOTIONS FOR RECONSIDERATION

**IT IS SO ORDERED.**

Dated: May 5, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge