UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SARAH SAMET et al.,<br><br>        Plaintiffs,<br>    v.<br><br>PROCTER & GAMBLE COMPANY, et al.,<br><br>        Defendants. | Case No.: 5:12-cv-01891 PSG<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION**<br><br>**(Re: Docket No. 134)** |

Plaintiffs Sarah Samet and Robert Figy, individually and on behalf of similarly situated Plaintiffs, move for reconsideration of their unjust enrichment/quasi-contract claim. Because the Ninth Circuit recently decided that the duplicative nature of an unjust enrichment/quasi-contract claim is not a valid reason to dismiss it, the court GRANTS Plaintiffs' motion.[1]

**I.**

---

[1] *See Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762-63 (9th Cir. 2015).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.  There may also be other, highly unusual, circumstances warranting reconsideration."[2]

In June 2013, the court dismissed Plaintiffs' claim for restitution based on unjust enrichment/quasi-contract.[3]  The court specifically held that because "[t]he complaint alleges no facts not already covered by the UCL, FAL, and CLRA claims, which already provide for restitution as a remedy. . . . [T]he claims here also must be dismissed."[4]

Plaintiffs request reconsideration on the grounds that "recent decisions have held that a claim for unjust enrichment may be brought in addition to UCL, FAL and CLRA claims and survive a motion to dismiss as a 'quasi-contract claim seeking restitution.'"[5]

## II.

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367.  The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[6]

Defendants The Proctor & Gamble Co., Kellogg Co. and Kellog Sales Co. agree that following *Astiana*, "an unjust enrichment claim is no longer subject to dismissal merely because it

---

[2] *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

[3] To be precise, the court dismissed the seventh cause of action in Plaintiffs' amended complaint. Docket No. 89 at 22; Docket No. 25 at ¶¶ 213-16.  The second amended complaint is currently the operative complaint in this suit.  *See* Docket No. 90.

[4] Docket No. 89 at 22.

[5] Docket No. 134 at 4 (quoting *Astiana*, 783 F.3d at 762).

[6] *See* Docket Nos. 6, 68.

2
Case No.: 5:12-cv-01891-PSG
ORDER GRANTING MOTION FOR RECONSIDERATION

duplicates plaintiffs' other claims."[7] Accordingly, Defendants "request that the Court grant the motion for consideration . . . to the extent of permitting plaintiffs to reassert their unjust enrichment claim."[8]

### III.

The Ninth Circuit's decision in *Astiana* is "an intervening change in controlling law" and therefore presents a valid basis for reconsideration.[9]

*First*, *Astiana* settled the long-standing question of whether a court may dismiss a claim for unjust enrichment as merely duplicative of other statutory or tort claims.[10] *Astiana* involved a putative class action suit in which Plaintiffs alleged that Defendant falsely labeled its comestic products as "All Natural."[11] Plaintiffs claimed that such false labeling deceived customers into buying those products and unjustly enriched Defendant as a result.[12] The complaint sought damages under California's Unfair Competition Law and False Advertising Law and under a quasi-contract theory.[13] Before the class-certification stage, the district court dismissed the quasi-contract claim, "concluding that restitution '[was] not a standalone cause of action in California and [that the claim was] nonsensical as pled in any event.'"[14] The Ninth Circuit agreed that unjust

---

[7] Docket No. 135 at 1:12-13.

[8] *Id.* at 2:18-20.

[9] *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* Civ. L.R. 7-9(b)(2).

[10] *See Astiana*, 783 F.3d at 762-63.

[11] *Id.* at 756.

[12] *See id.*

[13] *See id.*

[14] *Id.* at 762.

enrichment did not constitute a standalone cause of action in California.[15] However, it confirmed that "[w]hen a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'"[16] Accordingly, the court found that Plaintiffs' allegations were "sufficient to state a quasi-contract cause of action."[17] The court then held that "[t]o the extent the district court concluded that the [claim] was nonsensical because it was duplicative of or superfluous to [Plaintiffs'] other claims, this [was] not grounds for dismissal."[18]

The unambiguous holding in *Astiana* requires this court to side with Plaintiffs and reinstate their claim for restitution based on unjust enrichment/quasi-contract.[19] Plaintiffs' amended complaint alleged that "Defendants sold Misbranded Food Products to Plaintiffs and the Class" and that "[a]s a result of Defendants' fraudulent and misleading labeling, advertising, marketing and sales of Defendants' Misbranded Food Products Defendants was [sic] enriched at the expense of Plaintiffs and the Class."[20] This allegation is sufficient to state a quasi-contract cause of action.

***Second***, to be clear, the court reinstates Plaintiffs' claim for restitution based on unjust enrichment/quasi-contract as pled in the amended complaint,[21] but does not grant Plaintiffs leave to seek damages in the form of nonrestitutionary disgorgement.

Plaintiff may not seek damages in the form of nonrestitutionary disgorgement for two reasons. First, "[a] motion for reconsideration 'may not be used to raise arguments or present

---

[15] *See id.*

[16] *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citing *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014)).

[17] *Astiana*, 783 F.3d at 762.

[18] *Id.* at 762-63 (citing Fed. R. Civ. P. 8(d)(2)).

[19] *See* Docket No. 25 at ¶¶ 213-16.

[20] *Id.* at ¶¶ 214-215.

[21] *See* Docket No. 25 at ¶¶ 213-16.

evidence for the first time when they could reasonably have been raised earlier in the litigation.'"[22] Plaintiffs' amended complaint did not discuss nonrestitutionary disgorgement as a remedy for quasi-contract, and the two cases on which Plaintiffs primarily rely to support their argument for nonrestitutionary disgorgement summarize precedent that predated the court's June 2013 dismissal of Plaintiffs' quasi-contract claim.[23] As such, Plaintiffs could have reasonably raised an argument for nonrestitutionary disgorgement earlier in this litigation, but chose not to do so. They cannot use a motion for reconsideration to raise that argument now.

Second, nonrestitutionary disgorgement is not the appropriate remedy for a quasi-contract claim based on alleged mislabeling of a consumer product.[24] Plaintiffs cite a number of cases to support their argument that they can pursue nonrestitutionary disgorgement under a quasi-contract theory. But none of those cases addresses that remedy in the context of a product mislabeling claim.[25] The nonrestitutionary disgorgement remedy which Plaintiffs seeks would require

---

[22] *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

[23] *See* Docket No. 25 at ¶¶ 213-16; *Am. Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1482-84 (2014); *Meister v. Mensinger*, 230 Cal. App. 4th 381, 396-99 (2014).

[24] *See Brazil v. Dole Packaged Foods, LLC*, Case No. 5:12-cv-01831-LHK, 2014 WL 5794873, at *5 (N.D. Cal. Nov. 6, 2014) (citing *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 694 (2006)) (finding that "[t]he proper measure of restitution in a mislabeling case is the amount necessary to compensate the purchaser for the difference between a product as labeled and the product as received"); *Ivie v. Kraft Foods Glob., Inc.*, Case No. 5:12-cv-02554-RMW, 2015 WL 183910, at *2 (N.D. Cal. Jan. 14, 2015) (concluding that "restitutionary damages [in a mislabeling case should] be the price premium attributable to the offending labels, and no more"); *Rahman v. Mott's LLP*, Case No. 3:13-cv-03482-SI, 2014 WL 6815779, at *8 (N.D. Cal. Dec. 3, 2014) (determining the appropriate amount of restitution under a quasi-contract claim "will likely involve demonstrating what portion of the sale price was attributable to the value consumers placed on the" allegedly misleading labels).

[25] *See Astiana*, 783 F.3d at 762-63 (discussing restitution as a remedy for a quasi-contract claim alleging consumer product mislabeling); *Am. Master Lease LLC*, 225 Cal. App. 4th at 1482-84 (holding that both restitutionary and nonrestitutionary "[d]isgorgement based on unjust enrichment [are] appropriate remed[ies] for aiding and abetting a breach of fiduciary duty"); *Meister*, 230 Cal. App. 4th at 396-99 (discussing disgorgement as a remedy available for breach of a fiduciary duty); *In re Verduzco*, Case No. D064532, 2015 Cal. App. Unpub. LEXIS 829, at *40 (Cal. App. 4th Feb.

5
Case No.: 5:12-cv-01891-PSG
ORDER GRANTING MOTION FOR RECONSIDERATION

Defendants "to surrender . . . all profits earned as a result of [the alleged] unfair business practice regardless of whether those profits represent money taken directly from persons who were victims of the unfair practice."[26] Yet, Plaintiffs' amended complaint specifically sought restitution, "a remedy whose purpose is 'to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest.'"[27] "The proper measure of restitution in a mislabeling case is the amount necessary to compensate the purchaser for the difference between a product as labeled and the product as received," not the full purchase price or all profits.[28] "There is no reason to go beyond the price premium, and doing so would result in a windfall to plaintiff."[29]

### IV.

Plaintiffs' motion for reconsideration is GRANTED.  As discussed above, Plaintiffs may amend their complaint to include a claim for restitution based on unjust enrichment/quasi-contract, but may not include a claim for damages in the form of nonrestitutionary disgorgement.

**SO ORDERED.**

Dated: August 24, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

5, 2015) (same); *Cassinos v. Union Oil Co.*, 14 Cal. App. 4th 1770, 1784-89 (1993) (discussing remedies of a quasi-contract claim for trespass).

[26] *See* Docket 134 at 5-7; *Kor. Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1145 (2003) (internal citations and quotations omitted).

[27] *See* Docket No. 25 at 42; *Brazil*, 2014 WL 5794873, at *5 (citing *Kor. Supply Co.*, 29 Cal. 4th at 1149). *Astiana* also discussed restitution as the remedy for a product mislabeling claim.  The Ninth Circuit referred to the remedy for the quasi-contract claim as the "return of [a] benefit" previously held by the plaintiff that was "unjustly conferred" on the defendant.  *Astiana*, 783 F.3d at 762.

[28] *Brazil*, 2014 WL 5794873, at *5; *see also Ivie*, 2015 WL 183910, at *2; *Rahman*, 2014 WL 6815779, at *8.

[29] *Ivie*, 2015 WL 183910 at *2.

**United States District Court**
For the Northern District of California