Robert A. Mittelstaedt (State Bar No. 60359)
ramittelstaedt@jonesday.com
Craig E. Stewart (State Bar No. 129530)
cestewart@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:     415-626-3939
Facsimile:     415-875-5700

Darren K. Cottriel (State Bar No. 184731)
darrencottriel@JonesDay.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: +1.949.851.3939
Facsimile: +1.949.553.7539

Attorneys for Defendant
THE PROCTER & GAMBLE COMPANY

[counsel for Defendants Kellogg Company
and Kellogg Sales Company listed on
signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| SARAH SAMET, and JAY PETERS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE PROCTER & GAMBLE COMPANY, KELLOGG COMPANY and KELLOGG SALES COMPANY,<br><br>Defendants. | **Case No. 5:12-cv-01891-PSG**<br><br>**DEFENDANTS' JOINT OPPOSITION TO MOTION FOR STAY**<br><br>Date:   November 10, 2015<br>Time:  10:00 AM<br>Place:  Courtroom 5 - 4th Floor |

# TABLE OF CONTENTS

Page

INTRODUCTION ...................................................................................................................1

ARGUMENT .........................................................................................................................2

I.    THE PENDING NINTH CIRCUIT APPEALS DO NOT ADDRESS THE
      PRINCIPAL GROUNDS FOR DENYING CLASS CERTIFICATION HERE.....................2

II.   THE STAY ORDERS ISSUED IN OTHER FOOD MISBRANDING CASES DO
      NOT DICTATE WHAT THIS COURT SHOULD DO IN THIS CASE..............................5

III.  A STAY IS EVEN LESS APPROPRIATE NOW THAN WHEN THE COURT
      PREVIOUSLY REFUSED TO STAY THIS CASE. ..............................................6

CONCLUSION .....................................................................................................................9

**INTRODUCTION**

Plaintiffs' motion for stay should be denied.  The Ninth Circuit appeals on which plaintiffs rely as the basis for their motion involve different products, different advertising claims and, most importantly, different grounds for denying class certification than defendants have asserted in this case.  It is, at best, speculative that the Ninth Circuit's ruling will provide meaningful guidance for this case, let alone any guidance that would resolve the issues in this case or eliminate the need for this Court to consider and resolve the pending class certification motion.

Nor do the stay orders issued in other cases shed any light on what this Court should do in this case.  In all but one of those cases, the stay was either entered by stipulation or was issued before the defendants had been forced to oppose class certification.  And in the one case stayed after class certification was briefed, the claim in that case (an allegedly misleading "all natural" statement) was the same as in *Jones v. ConAgra Foods, Inc.*, 14-16327 (9th Cir.), and the district court concluded that the principal issues raised in opposition to class certification were the same as those raised in *Jones*.  As discussed below, no such conclusion is possible in this case.

A stay is particularly inappropriate because, at plaintiffs' urging, this Court earlier denied a stay to await the Ninth Circuit's decision in an appeal that raises the same "0g trans fat" claim as this case raises.  Now, plaintiffs seek a stay based on different appeals that do not present the same issues as this case—and they seek it ***after*** defendants have been forced to incur the considerable expense of opposing the class certification motion.  If granted, the proposed stay would put this case on hold for as long as two years or more, followed by months or years of more litigation.

This Court should proceed to decide the issues before it.  Having earlier pressed to have this case proceed without a stay, plaintiffs can hardly claim any prejudice from having the Court rule on their motion.  And, having incurred the time and expense of opposing plaintiffs' class certification motion, defendants have a strong interest in getting the issue resolved, rather than having this case continue to hang over their heads as it is punted down the road to some unknown future date based on the speculative possibility of rulings that may or may not have any relevance to the issues here.

1

**ARGUMENT**

2   **I.     THE PENDING NINTH CIRCUIT APPEALS DO NOT ADDRESS THE**

3           **PRINCIPAL GROUNDS FOR DENYING CLASS CERTIFICATION HERE.**

4           Plaintiffs assert that the Ninth Circuit rulings in *Jones*, *Brazil v. Dole Packaged Foods,*

5   *LLC*, No. 14-17480 (9th Cir.), and *Kosta v. Del Monte*, No. 15-16974 (9th Cir.), will "likely

6   provide controlling authority" on the class certification issues in this case.  Mot. at 4.  In fact,

7   those appeals do not involve the principal grounds upon which defendants oppose class

8   certification here.  Thus, it is not only not likely, but virtually certain, that the Ninth Circuit will

9   not provide any guidance relevant to those issues.  And, even as to the issues that are before the

10  Ninth Circuit in the pending appeals, plaintiffs have not shown that the Ninth Circuit's ruling will

11  have any significant effect on any similar issues in this case.  Indeed, there is no assurance that

12  the Ninth Circuit will even reach all of the issues raised in the pending appeals.  If the Ninth

13  Circuit concludes that class certification was improper for even one of the reasons on the which

14  the district courts in those cases relied, that will be sufficient to sustain the denial and moot the

15  remaining issues.

16          As to plaintiffs' claim regarding Pringles, defendants' opposition briefs show that plaintiff

17  Samet (the only plaintiff asserting that claim) lacks standing and is not a typical plaintiff.  *See*

18  ECF No. 148, pp. 9-12.  She admitted at her deposition that she was not misled by the Pringles

19  label because she has always known that Pringles contain fat, she is not concerned about fat levels

20  other than trans fat, and she knows that nutrient levels are displayed in the Nutrition Facts panel

21  on the label but chooses to pay attention only to the calorie information—all of which directly

22  contradicts the theory of her complaint that consumers lacked information about the fat content in

23  Pringles and were misled by the "0g trans fat" claim into believing that Pringles lack other kinds

24  of fat that could be unhealthy.  *Id.* at 2-5.  She also admitted that she ate and enjoyed the Pringles

25  she purchased, received the value from them for which she paid, and did not suffer any harm

26  whatsoever, "financial or otherwise," from purchasing them—all of which directly contradicts her

27  allegations that Pringles are "worthless" and that she or other consumers were harmed by

28  purchasing them.  *Id.* at 6-8.

1   None of the pending Ninth Circuit appeals address these issues, which involve the

2   application of settled principles of standing and typicality under Rule 23 to the specific factual

3   record in this case.  Indeed, plaintiffs do not contend that any of the pending appeals raise any

4   issue at all as to the typicality of the named plaintiff.

5       Similarly, Kellogg's opposition memorandum demonstrated that common issues do not

6   predominate as to plaintiff Figy's claim because of, among other things, the need for individual

7   proof over which class members even saw the allegedly misleading fine-print reference to

8   "evaporated cane juice" on the side panel of the box.  ECF No. 146-4, pp. 7-9.  The Ninth Circuit

9   has already spoken on this point.  *See, e.g., Berger v. Home Depot USA, Inc.*, 741 F.3d 1061,

10  1069 (9th Cir. 2014) ("when the class action is based on alleged misrepresentations, a class

11  certification denial will be upheld when individual evidence will be required to determine

12  whether the representations at issue were actually made to each member of the class"); *Mazza v.*

13  *Am. Honda Motor Co.*, 666 F.3d 581, 596 (9th Cir. 2012).

14      Figy's own testimony shows the individuality of that issue, as he admitted that he did not

15  see or rely on the statement when he bought the MorningStar Farms BBQ Riblets.  *Id.* at 9.  That

16  same admission also shows that Figy is not an adequate or typical representative.  *Id.* at 18-20.

17  He also sued another company (Amy's Kitchen) for use of the term "evaporated cane juice"

18  almost a month before he purchased BBQ Riblets during the class period.  *Id.* at 19.  He thus

19  could not have been misled by the "evaporated cane juice" ingredient listed on the BBQ Riblets

20  package.  Again, all of these issues are specific to this case and none are presented in any of the

21  pending Ninth Circuit appeals.

22      As to the claims of both plaintiffs, defendants also demonstrated that plaintiffs failed to

23  show that the alleged label misstatement was material to his or her purchase decision or that

24  materiality could be proved by class-wide proof on a common basis.  ECF No. 148, pp. 21-24;

25  ECF No. 146-4, pp. 9-13.  Defendants offered expert survey evidence showing that consumers

26  purchase Pringles for all kinds of reasons unrelated to its nutrient content and purchase Riblets for

27  numerous reasons other than any belief about its sugar content.  ECF No. 148-5.  All of these

28  issues are peculiar to the particular factual record in this case.  Plaintiffs assert that materiality is

1   one of the issues in the *Jones* and *Kosta* appeals. But neither of those cases involved the products

2   or the specific evidence at issue in this case and thus the effect on this case of any "guidance"

3   from the Ninth Circuit is at best speculative and uncertain.

4         Plaintiffs are also in a different position from the appellants in the Ninth Circuit cases

5   because they elected to rely solely on their theory that the products at issue are "legally

6   worthless" and opted not to offer any evidence regarding any alleged "price premium" or

7   difference between the price they paid for the product and the value they received. *See* ECF No.

8   131, pp. 17-19. Thus, plaintiffs are incorrect in asserting that a ruling by the Ninth Circuit on the

9   appropriateness of a difference-in-value theory or on the evidence required to establish a price

10   premium at the class certification stage will provide "guidance" for this case. Mot. at 7. Even if

11   the Ninth Circuit were to overturn the rulings in *Jones* or *Brazil* regarding the sufficiency of the

12   plaintiffs'' damages evidence in those cases, that would have no bearing on the pending class

13   certification motion in this case because plaintiffs have not raised that issue here.[1]

14         Because the issues in this case are different from those in the pending Ninth Circuit

15   appeals, the purported efficiencies plaintiffs claim would be served by a stay are ephemeral. Far

16   from saving the parties and the Court time and effort, a stay would simply further prolong the

17   proceedings in this case, which has already been pending for three-and-a-half years. Plaintiffs do

18   not contend that any of the pending Ninth Circuit appeals will actually resolve the propriety of

19   class certification in this case. Thus, a stay does not carry with it the possibility of eliminating

20   further proceedings. Even if a stay is granted, this Court will still be required to consider and rule

21   on the core issues raised by the pending briefing in this case. At that point, the losing party can

22   —————————————

23   [1]    Plaintiffs have recently filed a motion for leave to amend their class certification motion so they can now assert that the "price premium" or difference-in-value measure of recovery they

24   elected to leave out of their existing motion. ECF No. 142. They assert leave should be given because they were not on notice of the availability of that measure of recovery until this Court

25   granted their motion to reinstate their unjust enrichment claim. *Id.* at 2. As defendants demonstrated in their opposition to the motion for leave, this argument is groundless. ECF

26   No. 145. The price premium or difference-in-value measure has always been available to plaintiffs and is precisely the measure of recovery plaintiffs' counsel repeatedly asserted in other

27   food misbranding cases, including in cases in which no unjust enrichment claim was then pending. Plaintiffs are simply trying to escape the consequences of their own strategic choice.

28

Opp. to Mot. to Stay,
No. 12-cv-01891-PSG

1    be expected to seek appellate review, which will then prolong the proceedings even further.  If

2    this case ultimately proceeds to trial, it will be years after the complaint was filed, years after the

3    challenged advertising was discontinued, and as much as 15 years after the decision was

4    originally made to adopt the challenging advertising.  This kind of delay, with the inevitable

5    accompanying loss of memory and potentially of relevant witnesses altogether, is prejudicial by

6    any measure.

7         Rather than setting out on this course of delay, the proper path is to decide the issues now

8    in accord with the Court's scheduling order.  If the losing party wishes to seek appellate review, it

9    can be sought promptly and the Ninth Circuit can then render its decision on the specific issues in

10   this case (as opposed to those in other cases).  To the extent any appellate "guidance" is needed

11   for this case, the surest way to obtain it, and to get this case promptly resolved, is to decide the

12   class certification issues now and let the case move forward.

13   **II.    THE STAY ORDERS ISSUED IN OTHER FOOD MISBRANDING CASES DO**

14           **NOT DICTATE WHAT THIS COURT SHOULD DO IN THIS CASE.**

15        Plaintiffs point to a handful of orders in other food misbranding cases granting a stay to

16   await the outcome of one or more of the pending Ninth Circuit appeals.  But none of those cases

17   involved the circumstances here.  In two of them the parties stipulated to the stay.[2]  In others, the

18   stay was sought and granted before any class certification briefs were filed,[3] or before the

19   defendant had been put to the expense of opposing the motion.[4]  In *Gustavson* (where the

20   defendant sought a stay only four months after its motion to dismiss was denied), Judge Koh

21   specifically relied on "the early stage of the instant proceedings" in concluding that a stay was

22

23   [2]     *Swearingen v. ConAgra Foods, Inc.*, No. C13-05322, Dkt. No. 36 (N.D. Cal. Jan. 9,
24   2015); *Allen v. ConAgra Foods, Inc.*, 3:13-CV- 01279-VC, Dkt. No. 152 (N.D. Cal. 2013).

25   [3]     *Pardini v. Unilever United States, Inc.*, No. 13-cv-01675-SC, 2015 U.S. Dist. LEXIS
     49752, at *6 (N.D. Cal. Apr. 15, 2015); *Leonhart v. Nature's Path Foods, Inc.*, No. 13-cv-00492-
26   BLF, 2015 U.S. Dist. LEXIS 73269, *9 (N.D. Cal. June 5, 2015); *Gustavson v. Mars, Inc.*, No.
     13-CV-04537-LHK, 2014 U.S. Dist. LEXIS 171736 (N.D. Cal. Dec. 10, 2014).

27   [4]     *Wilson v. Frito-Lay North Am., Inc.*, No. 12-CV-1586 SC, 2015 U.S. Dist. LEXIS 94179,
28   at *5 (N.D. Cal. July 20, 2015).

Opp. to Mot. to Stay,
No. 12-cv-01891-PSG

1   appropriate. *Gustavson v. Mars, Inc.*, No. 13-CV-04537-LHK, 2014 WL 6986421, at *2 (N.D.

2   Cal. Dec. 10, 2014). The same cannot be said of this case, which has been pending since April

3   2012, in which significant fact and expert discovery has occurred, and in which defendants have

4   already been put to the considerable expense of opposing class certification.

5        Moreover, because the stay was granted in the foregoing cases before the defendants had

6   filed their class certification opposition (or, in most cases, before the class certification motion

7   was filed), the court was not in a position to evaluate the degree to which the class certification

8   briefing would raise issues not before the Ninth Circuit. Here, as discussed, the defendants'

9   opposition memoranda raise several grounds that by themselves require that the class certification

10  be denied, without regard to what the Ninth Circuit may rule.

11       The only case in which a non-stipulated stay was granted after the class certification

12  briefing was already complete was *Parker v. J.M. Smucker Co.*, No. 13-0690 SC, Dkt. No 74

13  (N.D. Cal. December 18, 2014). In that case, Judge Conti *sua sponte* stayed the case to await the

14  outcome of the *Jones* appeal. That case, however, involves the same basic claim—*i.e.*, an

15  allegedly misleading "all natural" statement—that the plaintiffs assert in *Jones*. Moreover, both

16  *Parker* and *Jones* raise the same issue regarding the sufficiency of plaintiffs' "price premium"

17  damages model—a question that, as noted above, is not presented in this case.

18  **III.    A STAY IS EVEN LESS APPROPRIATE NOW THAN WHEN THE COURT**

19  **        PREVIOUSLY REFUSED TO STAY THIS CASE.**

20       Last December, this Court declined to stay this case pending the Ninth Circuit's decision

21  in *Bishop v. 7-Eleven*, 14-15986 (9th Cir.), a case that involves precisely the same claim as in this

22  case—*i.e.*, that it is misleading to truthfully state on a package of potato chips that the product

23  contains "0g trans fat." If the Ninth Circuit affirms Judge Davila's dismissal of the complaint in

24  *Bishop*, that ruling will be dispositive of the identical claim made in this case regarding Pringles.

25  Plaintiffs nonetheless opposed a stay at that time, asserting that it would run "counter to the

26  interest of Plaintiffs and the class in proceeding expeditiously with this litigation." ECF No. 116,

27  p. 5.

28

Since that time, the parties have engaged in significant written discovery, voluminous document production, and numerous depositions, and have incurred the huge expense of briefing plaintiffs' class certification motion.  ECF Nos. 146, 148.  In connection with that class certification briefing, defendants have deposed plaintiffs' experts and prepared and filed motions to strike plaintiffs' expert testimony, as well as a separate motion regarding purported admissions.  See ECF Nos. 147, 151, 152.  They have also prepared and presented, at considerable expense, their own expert testimony, as well as declarations from percipient witnesses at their respective companies.  ECF Nos. 146-5, 148-5, 148-12, 148-13, 148-14, 149, 150.  All of this is precisely what defendants sought to avoid when they earlier sought a stay.

Now, having imposed this significant burden on defendants and having seen defendants' opposition to their class certification motion, plaintiffs seek to reverse course.  Whereas they previously expressed an interest in "proceeding expeditiously," plaintiffs now ask the Court for a stay that is even longer than the one they previously opposed, pending the outcome of three different appeals filed at different times over the course of more than a year.[5]  And they request the stay to await the Ninth Circuit's decision in cases that, unlike *Bishop*, do not involve the same claim as this case and that (as discussed above) do not address the principal grounds upon which defendants here have opposed class certification.

Plaintiffs point to no new development that justifies this change of position.  The appeal in *Jones* had been pending for five months when plaintiffs opposed a stay last December.  The appeal in *Brazil* was filed that same month.  Thus, if plaintiffs had any legitimate grounds for seeking a stay, those grounds existed long before they finally filed their motion on the eve of the due date for their class certification reply.  Similarly, the stay orders on which they rely from other food misbranding cases long predated plaintiffs' belated motion in this case.

---

[5]      The appeal in *Kosta* was filed only three weeks ago, on October 2, 2015.  The Ninth Circuit's decision in that case is not likely to be issued until mid- to late 2017.  *Bishop*, by contrast, was filed in May 2014, is fully briefed and is likely be decided within the next six months.

1    This delay has worked considerable prejudice on defendants and casts doubt on the

2    legitimacy of plaintiffs' motives.  If there was any legitimate basis for staying this case to save

3    expense and obtain purported "guidance" on class certification issues, the time to seek such a stay

4    was **before** the parties incurred the expense of briefing class certification.  It is well established

5    that "a late stay necessarily produces less benefit and enhances the possibility of prejudice."

6    *Asetek Holdings, Inc v. Cooler Master Co.*, No. 13-00457, 2014 WL 1350813, at *3 (N.D. Cal.

7    Apr. 3, 2014).  This potential for prejudice is heightened where—as here—the party moving for a

8    stay does so "at the 11th hour" and appears to have a "dilatory motive." *Fresenius Med. Care*

9    *Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431 SBA, 2007 WL 1655625, at *5 (N.D. Cal. June

10   7, 2007) (refusing to grant a stay in these circumstances).

11    Rather than being based on any genuine interest in additional appellate guidance, the

12   timing of plaintiffs' motion—filed only after defendants filed their class certification opposition

13   papers and only days before plaintiffs' reply was due—suggests that the real motivation for

14   plaintiffs' request is simply the hope that the passage of time will give them the opportunity to try

15   to cure the deficiencies in their current motion through additional rounds of briefing and

16   submission of evidence they elected not to submit now.  This is not a legitimate ground for a stay.

17    Plaintiffs assert that a stay would avoid the need to "expend considerable resources

18   briefing and arguing the class certification motion."  Mot at 7.  But that is exactly the problem—

19   because of plaintiffs' delay in seeking a stay, essentially all of that burden and expense has

20   already been incurred.  Plaintiffs also suggest that the Ninth Circuit's decisions may change "the

21   requirements for the factual record that needs to be developed."  Mot. at 7.  But they do not

22   explain under what scenario that would occur.  Each of the three Ninth Circuit appeals on which

23   they rely was taken by the plaintiff, following a denial (or decertification) of class certification.

24   The Ninth Circuit is not likely in that circumstance to impose increased requirements for factual

25   development, beyond those of which plaintiffs have already long been on notice they must meet.

26   At best for plaintiffs, the Ninth Circuit may find that the district court imposed too strict of a

27   standard for class certification on certain issues.  Plaintiffs do not explain how this will cause

28   them to incur any additional costs or otherwise prejudice them.

**CONCLUSION**

Plaintiffs' motion to say should be denied.

Dated:  October 21, 2015                    JONES DAY


                                            By: /s/ Craig E. Stewart
                                                Craig E. Stewart

                                            Attorneys for Defendant
                                            THE PROCTER & GAMBLE COMPANY

                                            JENNER & BLOCK LLP
                                            Kenneth K. Lee (Cal. Bar No. 264296)
                                            klee@jenner.com
                                            Kelly M. Morrison (Cal. Bar No. 255513)
                                            kmorrison@jenner.com
                                            633 West 5th Street, Suite 3600
                                            Los Angeles, CA 90071-2054
                                            Phone: (213) 239-5100
                                            Facsimile: (213) 239-5199

                                            JENNER & BLOCK LLP
                                            Dean N. Panos (admitted pro hac vice)
                                            dpanos@jenner.com
                                            353 N. Clark Street
                                            Chicago, IL 60654-3456
                                            Phone: (312) 222-9350
                                            Facsimile: (312) 527-0484

                                            Attorneys for Defendants KELLOGG
                                            COMPANY and KELLOGG SALES
                                            COMPANY

NAI-1500597125v2

Opp. to Mot. to Stay,
No. 12-cv-01891-PSG