UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH SAMET, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KELLOGG COMPANY, et al.,<br><br>Defendants. | Case No. 5:12-cv-01891-PSG<br><br>**ORDER GRANTING-IN-PART MOTION TO STAY**<br><br>**(Re: Docket No. 156)** |

Plaintiffs Sarah Samet and Robert Figy, individually and on behalf of all others similarly situated, move to stay this case pending resolution of the appeals of *Brazil v. Dole Food Company, Inc., et al.*,[1] *Jones v. ConAgra Foods, Inc.*,[2] and *Kosta v. Del Monte Foods, Inc.*[3] Plaintiffs' motion is GRANTED-IN-PART: the case is stayed, with the exception of the question of whether Plaintiffs have standing to bring their case.

**I.**

Plaintiffs challenge various labels on Defendants' products as misleading and seek class certification.[4] Plaintiffs' motion for class certification is partially briefed.[5] However, three cases currently on appeal before the Ninth Circuit raise issues that may affect certification in this case,

---

[1] Case No. 14-17480 (9th Cir. filed Dec. 17, 2014).

[2] Case No. 14-16327 (9th Cir. filed July 15, 2014).

[3] Case No. 15-16974 (9th Cir. filed Oct. 2, 2015).

[4] *See* Docket No. 131.

[5] *See* Docket Nos. 131, 146-4, 148.

1
Case No. 5:12-cv-01891-PSG
ORDER GRANTING-IN-PART MOTION TO STAY

and so Plaintiffs move to stay pending resolution of those appeals.  *Brazil* raises issues of the appropriate damages model;[6] *Jones* addresses Rule 23's ascertainability and predominance requirements and the appropriate theory of restitution and damages;[7] *Kosta* also involves questions of ascertainability and materiality.[8]

## II.

The court has subject matter and supplemental jurisdiction under 28 U.S.C. §§ 1331 and 1367.  The parties consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[9]

"In considering whether a stay is appropriate, the Court should weigh three factors: [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."[10]

## III.

Applying the standard as set out above, the stay is granted-in-part as follows.

*First*, the first and second factors weigh against imposing a stay.  In terms of possible damage, a stay would delay the resolution of this case, which has already been pending for more than three and a half years.  As for the hardship of going forward, the parties have partially briefed the issue of class certification,[11] conducted extensive fact and expert discovery,[12] deposed lay and

---

[6] *See* Case No. 14-17480 (9th Cir. filed Dec. 17, 2014).

[7] *See* Case No. 14-16327 (9th Cir. filed July 15, 2014).

[8] *See* Case No. 15-16974 (9th Cir. filed Oct. 2, 2015).

[9] *See* Docket Nos. 6, 68.

[10] *Gustavson v. Mars, Inc.*, Case No. 13-cv-04537-LHK, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014) (internal quotation marks and citation omitted) (brackets in original).

[11] *See* Docket Nos. 131, 146, 148.

expert witnesses,[13] and engaged in related motion practice.[14]  To the extent that Plaintiffs argue that "parties would expend significant time and resources"[15] if required to go forward, those are sunk costs.

The parties dispute whether the third factor favors a stay.  Plaintiffs argue that *Brazil*, *Jones*, and *Kosta* may provide guidance on their claim for damages, which is currently in dispute,[16] as well as questions of ascertainability, materiality, and predominance.[17]  However, Defendants raise challenges that are unique to this case.  Namely, they challenge Plaintiffs' standing,[18] which is a long-settled doctrine not at issue in the Ninth Circuit appeals.  Because standing is a discrete issue that can be resolved without reference to the outcomes in *Brazil*, *Jones*, and *Kosta*, and because it is "an essential and unchanging part of the case-or-controversy requirement"[19] necessary for this court to have jurisdiction, the third factor weighs against staying resolution of the standing question.  On balance, the three factors weigh against a blanket stay.

## IV.

The court recognizes that several food labeling cases have recently been stayed pending the *Brazil*, *Jones*, and *Kosta* appeals, and that this case thus is an outlier.  However, the stayed cases differ from this case because of the unique threshold question of Plaintiffs' standing and because of the procedural posture of the stayed cases.  While those cases were stayed either by

---

[12] *See* Docket No. 160 at 7.

[13] *See id.*

[14] *See* Docket Nos. 147, 151, 152.

[15] *See* Docket No. 156 at 7.

[16] *See* Docket No. 156 at 7; *see also* Docket Nos. 142, 145, 154.

[17] *See* Docket No. 156 at 6-7.

[18] *See* Docket No. 146-4 at 19; Docket No. 148 at 9-11.

[19] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

unopposed requests[20] or before the parties had gone to the expense and effort of fully briefing class certification,[21] Defendants here oppose Plaintiffs' request[22] and the parties have filed the motion for class certification and the oppositions.[23] Plaintiffs' motion to stay the case therefore is GRANTED-IN-PART. The case is stayed, except the question of Plaintiffs' standing. Plaintiffs shall file the reply to their motion for class certification by November 25, 2015, and limit it to the standing issues raised in Defendants Procter & Gamble Co., Kellogg Co., and Kellogg Sales Co.'s opposition briefs.[24] Following Plaintiffs' reply, the court shall take the standing question under submission and issue a separate order. The court may schedule the matter for hearing if it finds that oral argument would be helpful.

**SO ORDERED.**

Dated: November 10, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[20] *See Thomas et al. v. Costco Wholesale Corp.*, Case No. 5:12-cv-02908-BLF, 2015 WL 6674696 (N.D. Cal. Nov. 2, 2015) (granting unopposed request for stay); *Park et al. v. Welch Foods Inc.*, Case No. 5:12-cv-06449-PSG, Docket No. 77 (N.D. Cal. Oct. 22, 2015) (same); *Swearingen v. ConAgra Foods, Inc.*, Case No. C13-05322, Docket No. 36 (N.D. Cal. Jan. 9, 2015) (same); *Allen v. ConAgra Foods, Inc.*, Case No. 3:13-CV- 01279-VC, Docket No. 152 (N.D. Cal. 2013) (same).

[21] *See Pardini v. Unilever United States, Inc.*, Case No. 13-cv-01675-SC, 2015 U.S. Dist. LEXIS 49752, at *6 (N.D. Cal. Apr. 15, 2015) (granting stay requested before plaintiff moved for class certification); *Leonhart v. Nature's Path Foods, Inc.*, Case No. 13-cv-00492-BLF, 2015 U.S. Dist. LEXIS 73269, *9 (N.D. Cal. June 5, 2015) (same); *Gustavson v. Mars, Inc.*, Case No. 13-CV-04537-LHK, 2014 U.S. Dist. LEXIS 171736 (N.D. Cal. Dec. 10, 2014) (same); *see also Wilson v. Frito-Lay North Am., Inc.*, Case No. 12-CV-1586 SC, 2015 U.S. Dist. LEXIS 94179, at *5 (N.D. Cal. July 20, 2015) (granting stay requested before defendant opposed class certification).

[22] *See* Docket No. 160.

[23] *See* Docket Nos. 131, 146-4, 148.

[24] *See* Docket No. 146-4 at 19; Docket No. 148 at 9-11.

4
Case No. 5:12-cv-01891-PSG
ORDER GRANTING-IN-PART MOTION TO STAY