UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH SAMET, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>KELLOGG COMPANY, et al.,<br><br>    Defendants. | Case No. 5:12-cv-01891-PSG<br><br>**ORDER STAYING CASE** |

Last November, the court partially stayed this case pending resolution of the appeals of *Brazil v. Dole Food Company, Inc., et al.*,[1] *Jones v. ConAgra Foods, Inc.*,[2] and *Kosta v. Del Monte Foods, Inc.*[3] The court took under submission the narrow question of whether Plaintiffs Sarah Samet and Robert Figy had standing to pursue their 0 grams trans fat and evaporated cane juice claims, however, because "standing is a discrete issue that can be resolved without reference to the outcomes in *Brazil*, *Jones*, and *Kosta*, and because it is 'an essential and unchanging part of the case-or-controversy requirement' necessary for this court to have jurisdiction."[4]

Since then, the Ninth Circuit stayed an ECJ food labeling case under primary jurisdiction doctrine.[5] The district court had dismissed the case—which raised ECJ claims nearly identical to

---

[1] Case No. 14-17480 (9th Cir. filed Dec. 17, 2014).

[2] Case No. 14-16327 (9th Cir. filed July 15, 2014).

[3] Case No. 15-16974 (9th Cir. filed Oct. 2, 2015). *See* Docket No. 167.

[4] Docket No. 167 at 3 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

[5] *Kane v. Chobani, LLC*, __ Fed. App'x __, Case No. 14-15670, 2016 WL 1161782 (9th Cir. Mar.

Figy's claims in this case—for lack of standing.[6] On appeal, the Ninth Circuit vacated the district court's ruling and remanded "for entry of an order staying proceedings until such time as the U.S. Food and Drug Administration (FDA) completes its proceedings regarding the use of the terms 'evaporated cane juice' and 'natural' in food labeling."[7]

In light of the Ninth Circuit's ruling, this court ordered the parties to show cause why this case should not be stayed, in whole or in part.[8] Plaintiffs respond that the case should be stayed in its entirety: the ECJ claims until the FDA issues its guidance, and the 0 grams trans fat claims pending the resolution of *Bishop v. 7-Eleven, Inc.*,[9] an appeal involving reliance issues in a 0 grams trans fat claim similar to Samet's claim.[10] Defendants Kellogg Co. and Procter & Gamble Co. acknowledge that the Ninth Circuit's decision "makes clear that Plaintiff Robert Figy's evarporated cane juice claims against MorningStar products should be stayed under the primary jurisdiction doctrine," but simultaneously argue that "[t]he *Kane* decision, however, does not impact the pending motions on the issue of standing of the named Plaintiffs."[11]

Contrary to Defendants' position, the Ninth Circuit's mandate is clear: it vacated a district court opinion finding that the named plaintiffs lacked standing, and remanded for a stay under primary jurisdiction doctrine. In light of that guidance, the court STAYS the ECJ claim, including the standing question, under primary jurisdiction doctrine, until the FDA issues its guidance on ECJ. Although court has broad discretion to determine whether it would be appropriate to sever

---

24, 2016).

[6] *See Kane v. Chobani, Inc.*, 973 F. Supp. 2d 1120, 1123 (N.D. Cal. 2014), *vacated sub nom. Kane v. Chobani, LLC*, No. 14-15670, 2016 WL 1161782 (9th Cir. Mar. 24, 2016).

[7] *Kane v. Chobani, LLC*, 2016 WL 1161782 at *1.

[8] *See* Docket No. 174.

[9] Case No. 14-15986 (9th Cir. filed May 19, 2014).

[10] *See* Docket No. 176 at 2.

[11] Docket No. 175 at 1.

2

Case No. 5:12-cv-01891-PSG
ORDER STAYING CASE

the 0 grams trans fat claims and resolve the standing question on those claims,[12] Defendants have not shown that severing would be appropriate in this case.  This case is STAYED in its entirety; the pending motion for class certification[13] is DENIED without prejudice to renewal upon the reopening of the case.  Within seven days of the resolution of both the FDA and the Ninth Circuit's pending matters, the parties shall schedule a status conference by contacting the undersigned's courtroom deputy.

**SO ORDERED.**

Dated: April 4, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[12] *See* Fed. R. Civ. P. 21; *TransPerfect Glob., Inc. v. MotionPoint Corp.*, Case No. C 10-2590 CW, 2014 WL 6068384, at *2 (N.D. Cal. Nov. 13, 2014) (quoting *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296–97 (9th Cir. 2000)).

[13] *See* Docket No. 131.

3
Case No. 5:12-cv-01891-PSG
ORDER STAYING CASE